# HOPKINS v. CLEAL.

# CLEAL v. HOPKINS.

PATENTS; INTERFERENCE; COUNTS; CONSTRUCTION.

Counts in issue in an interference proceeding, relating to a registering device for adding and listing numbers, do not call for a number of operative racks or actuators equal to the elements of each group of totalizers, where they describe "a plurality of totalizers, each comprising a series of denominational elements and a laterally extending rod on which all said elements are mounted in alignment, of a plurality of differentially movable totalizer operating racks also mounted in lateral alignment;" but a count does call for an equal number where it expressly specifies a plurality of such operating racks "equaling in number the denominational elements of any one of the totalizers."

Nos. 780, 781. Patent Appeals. Submitted May 16, 1912. Decided May 30, 1912.

HEARING on appeals from a decision of the Commissioner of Patents in an interference case.          *Affirmed.*

The facts are stated in the opinion.

*Mr. F. R. Cromwell, Mr. L. S. Bacon,* and *Mr. J. H. Milans* for the appellant in 780 and for the appellee in 871.

*Mr. A. V. Cushman* and *Mr. Roy C. Glass* for the appellee in 780 and for the appellant in 781.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents in an interference proceeding, in which priority was

awarded to Cleal, on the face of the record, on counts 1 and 3 of the issue, and to Hopkins on count 2.

The following counts are in issue:

"1. In a registering mechanism, the combination with a plurality of totalizers, each comprising a series of denominational elements, all mounted in lateral alignment, of differentially movable totalizer operating elements also mounted in lateral alignment, connections permitting sliding collective relative lateral movement between said totalizers and their operating elements, to provide an operative alignment of any one of said totalizers with their said operating elements, keys for determining the extent of differential movement of said operating elements, and type-carrying devices operatively connected to said operating elements.

"2. In a registering machine, the combination with a plurality of totalizers, each comprising a series of denominational elements, and a rod on which said elements are all mounted side by side in lateral alignment, of a plurality of totalizer operating racks, also mounted side by side in lateral alignment, and equaling in number the denominational elements of any one of the totalizers, connections permitting collective relative movement parallel to said rod between said totalizers and their said operating racks, whereby all the denominational elements of any desired totalizer may confront the operating racks simultaneously, means for producing engagement and disengagement of said racks and said totalizers whereby to drive the selected totalizer by the racks, means for giving said operating racks differential extents of movements, devices carrying type and movable in both directions by said operating material.

"3. In a registering mechanism, the combination with a plurality of totalizers, each comprising a series of denominational elements, and a laterally extending rod on which all said elements are mounted in alignment, of a plurality of differentially movable totalizer operating racks also mounted in lateral alignment, connections permitting collective relative lateral movement between said totalizers and their said operating racks, means for causing to and fro relative movement be-

Vol. XXXIX.—10.

tween said totalizers and their operating racks, thereby producing engagement of said totalizers and said racks for movement thereof together, keys for determining the extent of differential movement of said operating racks, devices carrying printing type and movable in both directions with said operating racks, and connections for forcing said type against a record material."

The interference was originally declared on count 1 of the present issue. When it was found that Hopkins's earliest date did not overcome Cleal's filing date, Hopkins was ordered to show cause why judgment should not be rendered against him on the face of the record. Hopkins thereupon filed a motion to dissolve the interference, on the ground that the issue had different meanings when applied to the devices of the respective parties, and also on the ground of unpatentability in view of the prior art. Cleal then made a motion to amend by adding certain counts. The primary examiner denied Hopkins's motion, but allowed Cleal to amend by adding counts 2 and 3 of the present issue.

The invention relates to a registering device for adding and listing numbers. While the device of Hopkins is a most complicated, ingenious, and useful invention, the issue here involved relates only to what is known as the totalizer. Hopkins shows a number of operating racks or actuators equal to the number of totalizing wheels or elements, as they are called, in each group of totalizers. For example, he shows nine of each actuating in alignment with each other, while Cleal shows nine elements in each group of the totalizers, and only four actuators. The sole question before us is whether the counts in issue each call for a number of actuators equal to the elements of each group of totalizers. The Commissioner of Patents found that the second count did call for an equal number, and awarded it to Hopkins, and that counts 1 and 3 did not call for an equal number, and accordingly awarded them to Cleal. Hopkins appealed from the award to Cleal, and Cleal took a cross appeal from the award to Hopkins.

The issue of priority was properly disposed of below. The

question of patentability was for the Patent Office, and will not be reviewed here, and the award as to the counts in issue is correct. Counts 1 and 3 do not, upon any reasonable construction, call for an equal number of actuators with the number of elements in each group of totalizers. All that is embraced in these counts as bearing upon the issue is described as "a plurality of totalizers, each comprising a series of denominational elements and a laterally extending rod on which all said elements are mounted in alignment, of a plurality of differentially movable totalizer operating racks also mounted in lateral alignment." This will admit of any number of actuators and totalizing elements which Cleal might choose to accept, except that he would be barred by Hopkins's earlier claim from so amending as to call for an equal number. Count 2 expressly calls for "a plurality of totalizers each comprising a series of denominational elements, and a rod on which said elements are mounted side by side in lateral alignment, of a plurality of totalizer operating racks also mounted side by side in lateral alignment, and *equaling in number the denominational elements of any one of the totalizers.*"

Confining ourselves to the only question before us,—the award of the counts in issue,—the decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                    *Affirmed.*